**BAYUK CIGARS, Inc. v. MOSHASSUCK TRANSP. CO. (CENTENNIAL INS. CO. et al., third party defendants).**

United States District Court,
S. D. New York.

May 29, 1952.

512

---

Rein, Mound & Cotton, New York City, for plaintiff.

Zelby & Burstein, New York City, for defendant Moshassuck Transp. Co.

George I. Janow, New York City, for Centennial Ins. Co.

Joseph Fennelly, Jr., New York City, for Lester S. Walker.

SUGARMAN, District Judge.

Plaintiff, Bayuk Cigars, Inc., moves for summary judgment [motion no. 25] in its action for non-delivery of two shipments of cigars, which allegedly were delivered to defendant Moshassuck Transportation Company, a common carrier, and which were not received by the consignees. Defendant Moshassuck simultaneously moves for summary judgment [motion no. 26] in its cross-action against third-party defendant Centennial Insurance Company or in the alternative against third-party defendant Lester S. Walker, its insurance broker, claiming that either the insurer is liable to it by virtue of a policy of insurance issued to the defendant Moshassuck protecting it from liability for non-delivery of the shipments or Walker is liable to it for agreeing to a cancellation of such policy without authority from defendant Moshassuck. Third-Party defendant Walker in his answering affidavit prays for summary judgment against defendant Moshassuck.

 Notwithstanding Colby v. Klune, 2 Cir., 178 F.2d 872, I am satisfied that all issues are resolved in plaintiff's favor by defendant Moshassuck's admissions and the affidavits of employees of the plaintiff and of the consignees of the shipments, to a degree that the mere formality of examination of these witnesses in open court would in no way impair that proof. The record before me [in motion no. 25] presents a case in which denial of summary judgment would result in nothing but delay to the plaintiff in its recovery of a just claim.

Accordingly, on motion no. 25 summary judgment is granted in favor of plaintiff Bayuk against defendant Moshassuck for the relief demanded in the complaint.

■ Defendant Moshassuck's motion for summary judgment and third-party defendant Walker's cross-motion for summary judgment against defendant Moshassuck [motion no. 26] are denied because of the existence of issues concerning the true authority of Walker and what actually transpired in the dealings concerning the insurance. Colby v. Klune, supra.

Settle order.